# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **MADELYN WISSELL BUCHDA** | * | **CASE NO: 15 CV 120** |
| **Plaintiff** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | |
| **VILLAGE OF FALL RIVER** | * | **MAGISTRATE** |
| **Defendant** | * | |
| | * | |
| | * | **JURY TRIAL DEMANDED** |

**************************************

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

The Complaint for Declaratory Relief, Injunctive Relief, and Damages of Madelyn Wissell Buchda, resident and domiciliary of the Village of Fall River, State of Wisconsin, respectfully represents as follows:

### I. JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, 2201, and 2202.

2.

Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

3.

Further, venue is proper in this Court pursuant to 28 U.S.C. § 98(c) as Defendant, the Village of Fall River (hereinafter "the Village"), is situated in this judicial district.

4.

Plaintiff Madelyn Wissell Buchda has resided in the Village of Fall River, State of Wisconsin, since 2009.

5.

Defendant, the Village of Fall River, was at all times material hereto a municipality created under the laws of the State of Wisconsin, and the municipality was at all times the governing body of the Village of Fall River for purposes of liability under 42 U.S.C. § 1983.

6.

The Village of Fall River operated the police department, the employees of which were acting within the course and scope of their employment with the Village of Fall River for purposes of state law and under color of state law for purposes of federal law at all times material hereto. The Village and its employees were at all times material hereto enforcing the official policy as represented in Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3), the ordinance at issue herein.

7.

The Wisconsin Attorney General will be served with a copy of this Complaint pursuant to Wisconsin Code, and all conditions precedent to the maintenance of this action have been performed and/or waived.

8.

Plaintiffs' claim for attorney's fees and costs is authorized by, *inter alia*, 42 U.S.C. § 1988 and grounds of equity. No administrative claim, filing or other pre-litigation requirements apply to Madelyn Wissell Buchda's claims against the Village and its employees and agents under 42 U.S.C. § 1983 nor for the other relief sought against the Village.

9.

Madelyn Wissell Buchda brings this action pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as other provisions of the federal constitution, the Constitution of the State of Wisconsin, state and local statutory law, and civil law.

10.

This Court has personal jurisdiction over Defendant.

II.    GENERAL ALLEGATIONS

11.

Plaintiffs re-allege the allegations contained in paragraphs 1 – 10 and further allege as follows:

12.

Dogs have been classified as personal property in the State of Wisconsin. Rabideau v City of Racine, 627 NW 2d 795, 243 Wis. 2d 486, 2001 WI 57 - Wis: Supreme Court, 2001.

Thus, the ownership of a dog presents a fundamental property and/or liberty interest protected under the state and federal constitutions. *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984).

13.

Thor and Diesel are mixed-breed dogs that Madelyn Wissell Buchda has owned, cared for, and loved since 2011. Diesel was rescued from a family that was going to surrender him to a humane society but couldn't afford to. Thor was rescued from a backyard breeder. No breed pedigree was ever provided to Madelyn Wissell Buchda regarding Thor and Diesel. The dogs were known to her as mixed breed, and not purebred dogs. Further, she considered Thor to be a bulldog boxer mix and Diesel to be a bulldog boxer lab mix. At no time did she believe that either Thor or Diesel were "Staffordshire Bull Terriers", "American Pit Bull Terriers" or "American Staffordshire Terriers." At all times relevant herein, Thor and Diesel were regarded by Plaintiff as both sentient personalities and as immediate family members. Thor and Diesel are companion animals, have never bitten any person or animal, have no animal control history or complaints, are not aggressive.

14.

On or about December 9, 2013, Police Officer Zack Fredricksen came to the Plaintiff's house, without probable cause or a warrant on the pretext that he allegedly noticed a vehicle in

the driveway that he deemed to be junk. He knocked on the Plaintiff's door and allegedly heard barking. The Plaintiff's husband, Mark Buchda, spoke to the police officer about the vehicle.

15.

Though not the basis for the officer purportedly coming to the Plaintiff's door, and without seeing any dogs present, the officer interrogated Mr. Buchda regarding what type of dog was inside his house. Mr. Buchda told him the dogs were of mixed breed origin and that they did not know their genetic information because they had been rescued. The officer then, apparently knowing the dogs were not registered, though he had not asked Mr. Buchda about their registration status, told Mr. Buchda that the dogs had to be registered. The officer told Mr. Buchda that he had until the next day to register the dogs or a citation would be issued for an unlicensed dog.

16.

The Plaintiff obtained licenses for her dogs from the Village of Fall River on December 10, 2013.

17.

On December 13, 2013, the Plaintiff received two citations for violating Fall River ordinance §7-1-9(a)(3).

18.

As a result of the notice, and fearful of what the Village might do to Thor and Diesel, Plaintiff decided to put the dogs in a foster home and board them at her cost at a farm outside the jurisdiction of the Village in order to have the opportunity to read the language of the Ordinance and understand how to proceed.

19.

Madelyn Wissell Buchda was subsequently provided with a copy of the Ordinance[1] prohibiting "pit bull dogs" from the Village. However, the language of the Ordinance made it clear that there was no way for an owner to determine whether his or her dog was banned pursuant to the terms of the Ordinance because it had two definitions of pit bulls, one requiring the appearance or characteristics of being predominantly three named breeds (Staffordshire Bull Terrier, American Staffordshire Terrier, and American Pit Bull Terrier), and another which stated that a dog would be banned if it was "or ***any*** combination of those breeds."[2] This scared Plaintiff because "any" in its normal usage could be interpreted as one percent. Madelyn Wissell Buchda did not know and had never been told how this facially-conflicting two-tiered definition is interpreted, and thus she could have no knowledge based on the Ordinance whether her dogs were banned.

20.

Upon information and belief, Police Officer Fredricksen made no identification of Thor and Diesel as a "pit bulls" as defined in the Ordinance.

21.

Plaintiff, despite not having a written order of removal, was verbally ordered by the Village officials to remove Thor and Diesel from Fall River. Plaintiff feared seizure and banning of Thor and Diesel based on statements by Village employees acting under color of state law;

_____

[1] Exhibit a, Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3).

[2] *Id.* (emphasis added).

therefore, she cannot bring her dogs into the Village to live with her and must board Thor and Diesel pending legal resolution of this case.

22.

The Village can attempt to avoid any jurisdiction over this matter by never issuing a formal written order banning Thor and Diesel, and it can continue to enforce its unconstitutional Ordinance against Thor and Diesel and all other dogs similarly situated in the Village. This Court has jurisdiction over this matter because the constitutional deprivations under Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) are capable of repetition, yet will evade judicial review if the Village continues enforcement without ever entering a written order of removal.

23.

Despite this fact, Madelyn Wissell Buchda continues to board Thor and Diesel outside the Village limits based on the Village's verbal order of removal and under threat of the Village impounding and then euthanizing Thor and Diesel, and she continues to accrue the cost of boarding.

### III. THE ORDINANCE IS BOTH FACIALLY UNCONSTITUTIONAL AND UNCONSTITUTIONAL AS APPLIED

24.

Plaintiffs re-allege paragraphs 1 – 23 and further allege as follows:

25.

Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) as applied to Thor and Diesel is unconstitutional on its face and/or as applied since it allowed the Village to ban

dogs it had never seen. Thus the Village has the power to ban any dog without any evidence that it may fall within the category of a banned breed, thereby rendering the Ordinance unconstitutionally vague, overbroad, and underbroad, violating the equal protection and the privileges and immunities clauses, and lacking procedural due process under federal and state constitutional law.

26.

Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) fails to publicize the Village's methodologies and interpretations for determining whether a particular dog is "predominantly" a banned breed under its facially-conflicting two-tier definition, fails to quantify what genetic increment constitutes same, and fails to provide fair warning of those circumstances where genetics manifest physically to an ascertainable and sufficient phenotypic degree. There is no way to know how the Village is interpreting the Ordinance which has two different definitions and there is no way for an owner to know with any certainty, whether his or her dog is a banned breed.

27.

Upon information and belief, the Village has no protocol, practice, or procedure for determining what dogs get an initial visual inspection and what dogs will then be classified as being a member of a banned breed. Upon information and belief, the Village has no protocol, practice, or procedure for determining how it interprets what percentage of any banned breed is necessary for banning from visual identification, thereby rendering it unconstitutionally vague, overbroad, and underbroad, violating the equal protection and the privileges and immunities

clauses, lacking procedural due process under federal and state constitutional law, and unconstitutional on its face or as applied.

28.

With respect to the visual "inspection", no ascertainable, much less authoritative, source exists setting forth the standards for mixed breed dogs to which a government official may refer to avoid exercising unbridled, highly subjective discretion in "identifying" a dog as wholly or partially of the prohibited breeds. This results in complete discretion by the Village in identifying banned breeds, thereby rendering the statute unconstitutionally vague, overbroad, and underbroad, violating the equal protection and the privileges and immunities clauses, and lacking procedural due process under federal and state constitutional law. The Ordinance is therefore unconstitutional on its face and/or as applied.

29.

Dogs perceived to have the appearance and characteristics of the prohibited breeds according to the purely subjective visual assessment of an untrained Village employee may be seized from the owner without a warrant without any hearing. Because the Ordinance may result in the seizure of a dog without any hearing, it systematically threatens the Fourth Amendment and the Wisconsin Constitution and is thus unconstitutional on its face or as applied.

30.

Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) also violates procedural due process by not have any post-seizure hearing in which the Village has to come forward under a specific burden of proof and prove its right in the first instance to seize dogs it perceives as being of a pit bull breed. There is no post-seizure hearing, no notice of such

hearing, no fact-finder, no right to counsel, no right to subpoena, no burden of proof, or no right

of appeal.  In essence, there is nothing that allows a dog owner to contest the Village's interfering

with his or her property rights.    The Ordinance is facially unconstitutional and/or

unconstitutional as applied since it affords no procedural due process after a taking of property.

There would be no difficulty for the Village to provide these due process protections as

illustrated by the fact that in the dangerous dog context, Wisconsin law provides for a hearing in

front of a Circuit Court Judge, with a full panoply of due process protections provided in a court

of law.  *See* Wisconsin Statutes 173.22. State law thus provides due process to dogs that have

actually bitten or otherwise acted in a dangerous manner.   The Village fails to provide such

protections to dogs that have not manifested any such behavior.

31.

Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) also violates

substantive due process because banning breeds has not been shown to increase overall public

safety.  The Preamble of the law cites no rational basis for regulating "pit bull dogs."[3]  Thus, to

the extent that the Village has no protocol, practice, or procedure for identify the percentage of a

breed needed to ban, there is no rational relationship between the state's objective and the point

where genetics manifest physically to an ascertainable and sufficient phenotypic degree.   The

state of science in 2013, including American Kennel Club and United Kennel Club standards,

renders purebred and mixed-breed bans, such as the one provided in the Ordinance at issue, not

rationally related to any government purpose, and they are certainly not the least restrictive

_____

[3] Exhibit A.

means available to manage dogs not proven hazardous by prior harm-causing vicious propensity. As a result, the Ordinance is unconstitutional facially and/or as applied.

32.

The State of Wisconsin considers property ownership a fundamental right. *See* Wisconsin Constitution Article 1. As such, any law interfering with ownership of property must withstand the "strict scrutiny test," and governmental action must be strictly tailored and be the least restrictive alternative. Strict scrutiny presumes Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) to be unconstitutional. The Ordinance fails to meet the strict scrutiny and least restrictive alternative requirements since banning breeds has not been shown to increase overall public safety. Thus, to the extent that the Village has no protocol, practice, or procedure for identify the percentage of a breed needed to ban, there is no important governmental objective that is substantially related to the Village's objective as there is no way to tell at what point genetics manifest physically to an ascertainable and sufficient phenotypic degree. The state of science in 2013, including American Kennel Club and United Kennel Club renders purebred and mixed-breed bans, such as the one provided in the Ordinance at issue, not substantially related to any government purpose, and they are certainly not the least restrictive means available to manage dogs not proven hazardous by prior harm-causing vicious propensity. As a result, the Ordinance is unconstitutional facially and/or as applied under the Wisconsin Constitution.

33.

Madelyn Wissell Buchda adopts and incorporates by reference all the previous allegations of this Complaint as if fully set out herein and reasserted as to claims one through eight below.

### *A.*    *First Claim*

34.

The Ordinance is facially void or vague in violation of the Fourteenth Amendment to the United States and the corresponding provision of the Wisconsin Constitution in that the Ordinance does not provide fair warning by providing Madelyn Wissell Buchda or any other applicable citizen of the Village of Fall River a reasonable opportunity to know what is prohibited so that they may act accordingly and/or the Ordinance fails to provide explicit standards, guidelines or objective measures for Fall River's application of the Ordinance in order to prevent arbitrary or discriminatory enforcement. While by no means limiting the general applicability of the foregoing, vagueness permeates the definitions of vicious, dangerous or pit bull dog.

35

Pursuant to 28 U.S.C. §§ 2201 – 2202  and 42 U.S.C. § 1983, Plaintiff seeks prospective injunctive relief to prevent the ongoing violation of federally-protected Constitutional rights to enjoin the City from enforcing and enacting breed-specific prohibitions under Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) based on facial and as applied unconstitutionality in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as stated below, and to mandate that the  Village provide a meaningful due

process opportunity to contest the unilateral, permanent determination that a dog is a banned breed.

36.

The Village should be enjoined from using a vague ordinance with a facially-conflicting two-tier definition of pit bull dogs. A dog owner cannot possibly know if the ownership of his or her dog is a criminal act under the statute.

37.

Likewise, the Village should be enjoined from seizing dogs without a warrant or probable cause, and without a hearing, based solely on visual identification.

### B. _Second Claim_

38

Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 1983 finding that Ordinance 4 of 2013 is unconstitutional facially and/or as applied under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in terms of warrantless seizure, procedural due process deprivation of liberty and property, substantive due process deprivation, vagueness, overbreadth, underbreadth, and equal protection, with respect to both mixed-breed and purebred dogs.

39.

Plaintiffs also seek a finding that Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) is facially, and as applied, unconstitutional under the Fourteenth Amendment for failing to provide any opportunity to be heard upon a unilateral, permanent designation of a dog as a banned breed, after which an owner is denied an opportunity to dispute the results.

40.

The Ordinance violates Madelyn Wissell Buchda and all of the applicable persons residing in Fall River of due process of law guaranteed by the Fourteenth Amendment to the United States and the corresponding provision of the Wisconsin Constitution by the Ordinance containing conflicting and inconsistent definitions of a "pit bull dog."

41

The Ordinance is overly vague with a two-tiered facially-conflicting definition of pit bull dogs. A dog owner cannot possibly know if the ownership of his or her dog is a criminal act under the Ordinance.

42

Likewise, the Village should be enjoined from seizing dogs without a warrant or probable cause based solely on visual identification.

43

Plaintiffs also seek a finding vacating *ab initio* Thor and Diesel's designation as a banned pit bull under the Ordinance.

C. *Third Claim*

44

The Ordinance, by making it a separate violation for each day the defendant keeps the subject dog within the Village of Fall River, subjects Madelyn Wissell Buchda and all other applicable citizens of the Village of Fall River to deprivation of their property or liberty interest as well as to fines and costs prior to any fair and impartial judicial determination that any dog owned, harbored, kept or possessed in the Village of Fall River is subject to the Ordinance's

provisions or satisfies the definition of the type of animal prohibited by the Ordinance. As a result, rights guaranteed by the Fifth, Sixth and Fourteenth Amendment to the United States Constitution are violated as well as the corresponding provisions of the Wisconsin Constitution.

### D. *Fourth Claim*

45

The Ordinance violates Madelyn Wissell Buchda's and all applicable citizens of the Village of Fall River's rights to due process guaranteed by the Fourteenth Amendment to the United States Constitution and the corresponding provision of the Wisconsin Constitution by making unlawful and punishing existing and otherwise lawful conduct and by the Ordinance's failure to have only prospective applicability, i.e. apply only to dogs owned, kept or possessed after the Ordinance's effective date.

### E. *Fifth Claim*

46

The Ordinance's creation of an "irrebuttable presumption" that any dog defined in the Ordinance is subject to the requirements of the Ordinance is unconstitutional as it establishes guilt and punishment without a charge, trial, right to counsel, etc. all in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Wisconsin Constitution. Moreover, such a "irrebuttable presumption" places the burden on the accused to prove a negative rather than the burden being properly placed on the authority seeking enforcement and punishment i.e. the Village of Fall River in violation of the rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Wisconsin Constitution.

*F.      Sixth Claim*

47

Substantive due process reserves to Madelyn Wissell Buchda or any other applicable citizen of Fall River the power to possess property, including their choice of a pet, and the blanket prohibition in the referenced Ordinance of ownership of dogs defined as "pit bulls" is an unconstitutional restriction of substantive due process as well as a taking of their property. As such, the Ordinance violates rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Wisconsin Constitution.

48

Madelyn Wissell Buchda further allege there is no rational basis for the blanket prohibition of pit bull ownership and Fall River cannot point to any articulated governmental purpose achieved by a blanket ban on ownership of a particular breed of dog.

49

Unless the enforcement of the Ordinance is enjoined, Madelyn Wissell Buchda will suffer irreparable harm for which there is no adequate remedy at law. Irreparable harm includes, but is not limited to, liability and risk of loss of property, criminal sanctions and forever being identified as a criminal without the right to an initial determination by an impartial tribunal with all rights that any accused person is afforded, being subject to an irrebuttable presumption of guilt and/or the loss of the use and enjoyment of not only pets but of the sanctity of one's home

*F.*        *Seventh Claim*

50

Plaintiffs seek injunctive relief pursuant to Article 1 of the Wisconsin Constitution to enjoin the Village from enforcing and enacting breed-specific prohibitions under Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) and to mandate that the   Village provide a meaningful opportunity to contest the unilateral, permanent determination that a dog is a banned breed.

51.

The Village should be enjoined from using a vague ordinance with a facially-conflicting two-tiered definition of pit bull dogs.  A dog owner cannot possibly know if the ownership of his or her dog is a criminal act under the Ordinance.

52.

Likewise, the Village should be enjoined from seizing dogs without a warrant or probable cause based solely on visual identification.

53.

In addition, Plaintiff seeks injunctive relief under the Wisconsin Constitution to enjoin the Village from enforcing and enacting the Ordinance since it interferes with a fundamental property right under Wisconsin law, cannot survive strict scrutiny, and does not use the least restrictive means of regulation.  The Ordinance is presumed unconstitutional under this standard and should be declared unconstitutional for failure to serve important governmental interests substantially related to keeping the public safe from dangerous dogs.

<u>*H.*</u>     *Eighth Claim*

54

Plaintiffs seek a declaratory judgment pursuant to Wisconsin law finding Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) to be facially, and as applied, unconstitutional under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in terms of seizure, procedural due process deprivation of liberty and property, substantive due process deprivation, vagueness, overbreadth, underbreadth, and equal protection, and also to be unconstitutional under Article 1 of the Wisconsin State Constitution with respect to both mixed-breed and purebred dogs.

55.

Plaintiffs also seek a declaratory judgment pursuant to Wisconsin law finding that Fall River Village Ordinances Title 7, Chapter 1, Section 7-1-9(a)(3) is facially, and as applied, unconstitutional under the Fourteenth Amendment and Article 1 of the Wisconsin State Constitution for failing to provide any opportunity to be heard upon a unilateral, permanent designation of a dog as a banned breed which an owner is denied an opportunity to dispute.

56.

The Ordinance is void for vagueness as it contains a facially-conflicting two-tiered definition of pit bull dogs. A dog owner cannot possibly know if the ownership of his or her dog is a criminal act under the statute. The Village should be enjoined from using this vague Ordinance.

57.

Likewise, the Village should be enjoined from seizing dogs without a warrant or probable cause and without a hearing based solely on visual identification.

58.

Plaintiffs also seek a finding vacating *ab initio* Thor and Diesel's designation as banned pit bulls under the Ordinance.

59.

Plaintiffs seek a declaratory judgment under the Wisconsin Constitution that the Ordinance interferes with a fundamental property right under Wisconsin law and cannot survive strict scrutiny, nor does it use the least restrictive means of regulation. The Ordinance is presumed unconstitutional under this standard and should be declared unconstitutional for failure to serve important governmental interests substantially related to keeping the public safe from dangerous dogs.

V.    DAMAGES

60.

Finally, as set forth hereinabove, as a direct consequence of Defendant's acts and/or omissions, the Village is liable to Plaintiffs for all damages they have incurred, including but not limited to, the costs of boarding Thor and Diesel from December 13, 2013 to the present, damages for the mental anguish and emotional distress caused by the Village's unconstitutional banning of Thor and Diesel, statutory damages, general damages, attorney's fees and other litigation costs pursuant to 42 U.S.C. § 1988, and judicial interest from the date of demand.

# VI.    JURY DEMAND

## 61.

Plaintiffs hereby demand a jury trial on their claims to the extent permitted by law.

WHEREFORE, Plaintiff, Madelyn Wissell Buchda, prays that Defendant, the Village of Fall River, be cited and served with a copy of this Complaint for Declaratory Relief, Injunctive Relief, and Damages as required by law, and that after all legal delays and due proceedings are had, there be judgment rendered in Plaintiffs' favor and against said Defendant for declaratory and injunctive relief as stated above, and

1. Grant a preliminary injunction preventing Fall River and their officers, agents, servants, employees, elected officials, attorneys and those persons in active concert or participation with them who receive actual notice of the injunction from enforcing the Ordinance pending a full hearing on the merits.

2. Enter a declaratory judgment holding that the Ordinance is in violation of the United States and/or the Wisconsin Constitution based upon any or all of the grounds asserted above and to concomitantly enter a permanent injunction enjoining Fall River and their officers, agents, servants, employees, elected officials, attorneys and those persons in active concert or participation with them who receive actual notice of the injunction from enforcing the referenced Ordinance, and

3. For the costs of suit, for reasonable attorney's fees and other litigation-related costs as allowed by law under 42 U.S.C. § 1988, as provided by grounds of equity, or in the alternative, statutory attorney's fees, for pre- and post-judgment interest at the

highest rate permitted by law, and for all other just and equitable relief as the Court may

deem just and proper.


RESPECTFULLY SUBMITTED:


/s/ Richard Bruce Rosenthal_____
**RICHARD BRUCE ROSENTHAL, # NY-1637677**
120-82 Queens Boulevard
Kew Gardens, NY 11415
Telephone:  (718) 261-0200
Facsimile:  (718) 793-2791
Cellular:      (516) 319-0816
Email:  richard@thedoglawyer.com

/s/ Pamela S, Hodermann _____
**PAMELA S. HODERMANN, # 1036140**
310 E. Knapp Street
Milwaukee, WI 53202-2512
Telephone:  (312) 239-5602
Email:  hodermann@att.net

*Attorneys for Plaintiff, Madelyn Wissell Buchda*


**PLAINTIFF WILL SERVE DEFENDANT PURSUANT TO FRCP 4(j)(2) AS FOLLOWS:**

Village of Fall River,
Through Village President Dale C. Standke
At: 641 S. Main Street, Fall River, WI 53932