IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MADELYN WISSELL BUCHDA,

                          Plaintiff,                          OPINION AND ORDER

      v.
                                                             15-cv-120-wmc
VILLAGE OF FALL RIVER,

                          Defendant.

Plaintiff Madelyn Wissell Buchda challenges defendant Village of Fall River's ordinance prohibiting pit bulls in the village. Buchda contends that the ordinance violates both her due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. The parties have cross-moved for summary judgment. (Dkt. ##17, 31.) For the reasons that follow, the court concludes that plaintiff's due process and equal protection claims fail as a matter of law. Therefore, the court will deny plaintiff's motion for summary judgment, grant defendant's motion, and direct the clerk of court to enter final judgment in defendant's favor.

PRELIMINARY MATTER

In moving for summary judgment, plaintiff failed to propose findings of fact. Apparently, plaintiff did not recognize this omission until filing her reply, at which time she filed a motion for extension of time to file proposed findings of facts, along with her proposed submission. (Dkt. #39.) At that point, however, plaintiff's motion was fully briefed, and granting the motion to file proposed findings effectively would put the motion back to square one.

Moreover, plaintiff's justification for missing the deadline makes no sense. Plaintiff's counsel represents that he mistakenly believed the parties had agreed to stipulated facts, but plaintiff failed to file any stipulated facts with the motion as well. Instead, plaintiff simply recites several pages of "facts" without any reference to a stipulation or the underlying evidence, except for a couple of references to a police report, which (as far as the court can tell) is *not* part of the record.

To make matters even worse, plaintiff failed to respond to defendant's proposed findings of fact submitted in support of defendant's counter-motion. Plaintiff's failure to follow this aspect of the court's summary judgment procedures (*see* 5/28/15 Order (dkt. #10) 11-15) is frankly inexcusable, especially when represented by counsel. Nonetheless, to avoid any prejudice to plaintiff, the court has reviewed her proposed findings of facts, including the supporting references to her deposition testimony, and included those where material. Unless otherwise noted, the court finds the following facts undisputed and material.

## UNDISPUTED FACTS

### A. The Village's Pit Pull Ordinance

The Village of Fall River is a Wisconsin municipality governed by a Board of Trustees. In October 2007, the Village Board amended ordinance section 7-1-9 ("the Ordinance") to prohibit possession of pit bull dogs within the Village limits. The relevant portion of the Ordinance provides as follows:

> a) Keeping of Animals Prohibited. It shall be unlawful to keep, harbor, own or in any way possess within the corporate limits of the Village of Fall River:

2

. . .

(3) Any Pit Bull.  Any Pit Bull presently registered with the Village on the day this section becomes effective may be kept within the Village subject to the standards and requirements set forth in Subsection (b) of this Section.  "Pit Bull dog" as that term is used in this Section is defined to mean:

a. The Staffordshire bull terrier breed of dog;

b. The American pit bull terrier breed of dog;

c. The American Staffordshire terrier breed of dog;

d. Any dog which has the appearance or characteristics of being predominantly the above breeds, or any combination of any of those breeds.  In the event an owner disputes the breed of the dog, the Village Chief of Police may at the cost of the owner, have the dog examined by a Veterinarian chosen by the Chief of Police to determine the breed or the predominant appearance or characteristic of dog.

(Green Aff., Ex. 2 (dkt. #20-2).)

The Ordinance further provides that it was enacted for the purpose of "providing for the health[,] safety and welfare of the citizens of the Village of Fall River.' (*Id.*) Defendant also submits extensive proposed facts about:  (1) the Chief of Police Brent Van Gysel's awareness of pit bull complaints dating back to 2003 through the time of the enactment; (2) his having relayed those complaints to the Trustees; and (3) the Trustees' own averments that they voted for the Ordinance because of concerns about pit bull attacks and difficulty enforcing the previous ordinance.  (Def.'s PFOFs (dkt. #19) ¶¶ 3-11, 15-16, 20-24.)

### B.  Plaintiff's Dogs

Plaintiff Madelyn Buchda obtained three dogs in the spring of 2011:  Emmett roughly in April from the Dodge County Humane Center, Thor in May, and another dog named Diesel in June, the latter two were from unknown individuals.  In April 2011, Buchda and her husband, Mark Buchda, attended a Board of Trustees meeting for the Village, during which she requested permission to have Emmett in the Village, since she was concerned that the "dog appears to look like a pit bull," and therefore may violate the Ordinance.  (Madelyn Buchda Depo. (dkt. #16) 17.)

### C.  The Citations

In December 2013, Officer Zack Fredrickson observed a vehicle parked in Buchda's driveway that he believed violated the Village's junk vehicle ordinance.  While investigating the vehicle, Officer Fredrickson observed a dog that looked like a pit bull inside plaintiff's home.[1]  According to Officer Fredrickson, Mark Buchda admitted that the dog was not registered with the Village.  Fredrickson then directed him to do so.

The next day, Buchda herself registered Thor and Diesel.  In registering the dogs, Buchda changed the breed on their respective rabies certificates from "American Staffordshire Terrier" to "Boxer Bulldog Mix" for Thor, and from "Pitbull" to "Boxador" for Diesel.  In her deposition, plaintiff admitted both that she made these changes and

---

[1] Plaintiff disputes that Officer Fredrickson observed her dogs, although she would appear to lack personal knowledge to make such an assertion given that her husband Mark was the person who spoke with Officer Fredrickson at the time he observed the dogs.  In light of the undisputed fact that the citations were only issued after plaintiff admitted she forged the dogs' rabies certificates, whether Officer Fredrickson observed the dogs during this visit is immaterial.

that she previously admitted to Officer Fredrickson that she had forged the papers. (Def.'s PFOFs (dkt. #19) ¶ 45 (citing Madelyn Buchda Depo. (dkt. #16) 23-24)).)

On December 13, 2013, the Village issued plaintiff two citations for violating the Ordinance.  (Fredrickson Aff., Ex. 5 (dkt. #21-2).)  The citations themselves concerned only Thor and Diesel, both of whom were obtained by the plaintiff in the two months *after* she and her husband attended a Board of Trustees meeting to express concerns about being allowed to keep her first pit bull, Emmett, in the Village.  Plaintiff's husband Mark acknowledged at his deposition in this case that both Thor and Diesel are pit bulls, though plaintiff herself testified that they are "mixed-breed," although she did not have breeding papers for either dog.  Buchda nevertheless moved the dogs out of the Village after being issued these citations and she entered into a deferred prosecution agreement with the Village, pleading no contest to the charges of violating the Ordinance.


### D. Defendant's Expert Testimony

In support of its motion for summary judgment, the Village also proffered expert testimony from Ron Berman, a canine behavior consultant, evaluator and trainer.  He opines that there are a number of "objective standards and measures for a factfinder to use to decide whether a dog is a 'pit bull dog' under the Ordinance."  (Def.'s PFOFs (dkt. #19) ¶ 63 (citing Berman Aff. (dkt. #23) ¶ 7).)  Berman further represents that "[d]og breeds are typically characterized by certain physical and behavioral traits according to standards set by national breeding organizations."  (*Id.* at ¶ 64 (citing Berman Aff. (dkt. #23) ¶¶ 8-12).)

5

Specifically, Berman cites to standards issues by the American Kennel Club, which identify physical and behavioral traits of the American Staffordshire Terrier, Staffordshire Bull Terrier and American Pit Bull Terrier breeds.  (*Id.* at ¶¶ 65-69 (citing Berman Aff. (dkt. #23) ¶¶ 8-11).)  In addition, an owner can use breeding or pedigree papers of a commercially available DNA-based breed identification test to demonstrate the breed of a dog.

Berman last opines that "'[p]it bull dogs' have unique behavioral traits that create a higher likelihood that an attack will cause more serious injuries or death, namely gameness, strength and manner of attack."  (Def.'s PFOFs (dkt. #19) ¶¶ 72-73 (citing Berman Aff. (dkt. #23) ¶¶ 5.)  Berman refers in particular to "[p]ublished studies of reported fatal and serious dog attacks in the United States [that] show . . . 'pit bull' dogs seriously harm or kill people more frequently than almost any other breed of dog."  (*Id.* at 6.)

OPINION

Plaintiff's complaint presents a hodgepodge of eight claims invoking her rights under the United States Constitution, primarily those found in the Fifth and Fourteenth Amendments.   Consistent with the parties' briefing, the court organizes Buchda's complaint into the following categories:  (1) due process claims based on an alleged lack

of hearing and impermissible shifting of burden; (2) a void for vagueness challenge; and (3) an equal protection class of one claim.[2]  The court addresses each category below.

## I.  Due Process Challenges

### A.  Opportunity to Be Heard and Placement of Burden

The two-step analysis for a procedural due process claim requires that the court consider:  (1) "whether the plaintiff was deprived of a constitutionally protected interest in life, liberty or property"; and (2) if so, "what process [s]he was due with respect to that deprivation."  *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  Defendant concedes that plaintiff has a liberty interest in not being subject to a civil forfeiture for violating a municipal ordinance.  As such, the claim turns on whether the Ordinance provides an adequate mechanism to challenge that deprivation.

"The presumption is that an individual is entitled to notice and an opportunity for a hearing prior to the state's permanent deprivation of his property interest."  *Porter*, 93 F.3d at 305 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982); *Goss v. Lopez*, 419 U.S. 565, 579 (1975).  "What process is required in a particular context or a given set of circumstances depends upon balancing the factors laid out in *Mathews v.*

---

[2]  Defendant also seeks summary judgment on plaintiff's claims under the privileges and immunities clause, Article IV, Section 2, Clause 1 of the United States Constitution, and under the Sixth Amendment to the United States Constitution.  (Def.'s Opening Br. (dkt. #18) 15.) Plaintiff not only fails to respond to these arguments, but limits the description of her claims in briefing to those under the Fifth and Fourteenth Amendments.  Accordingly, plaintiff has effectively abandoned those claims.  Moreover, even if the court had considered plaintiff's claims under the privileges and immunities clause or under the Sixth Amendment, the Village would have been entitled to summary judgment for the reasons articulated in its brief (*see id.*), which likely explains their abandonment.

*Eldridge*." *Porter*, 93 F.3d at 305 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). The court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 305-06 (citing *Mathews*, 424 U.S. at 335).

Here, plaintiff contends that the ordinance violates her procedural due process rights by: (1) not providing for a hearing; and (2) impermissibly shifting the burden to the owner to prove that her dog is not one of the prohibited breeds. As defendant explains in response, there are two core flaws with plaintiff's essentially cookie-cutter claims, which may have been successful in challenging other jurisdiction's pit bull bans, but fail to address the particular circumstances of the Village's ordinance. Indeed, at bottom, plaintiff's claims are premised on a fundamental misunderstanding of how the Village's ordinance functions within the municipal court system in Wisconsin. Moreover, plaintiffs rely on caselaw and argument considering due process requirements for pit bull ordinances that permit the seizure and destruction of dogs, which is *not* at issue here.

*First*, with respect to a lack of hearing, the Ordinance contemplates a pre-citation opportunity for the dog owner to dispute the breed of the dog by having it examined by a veterinarian chosen by the Chief of Police. Indeed, before being issued a citation here, Buchda was provided an opportunity to contest the breeds of her dogs. Instead, she

admitted to forging the rabies documents, by changing their listed breeds from prohibited ones to ones that fell outside of the Ordinance.  Even if the Ordinance did not provide an opportunity to be heard before issuance of the citation, the dog owner still has an opportunity to challenge the citation under Wisconsin law, since any citation issued for violation of an ordinance is subject to the municipal court procedure set forth in Wis. Stat. Chapter 800, which even provides for an opportunity for a trial.  *See* Wis. Stat. § 800.08.

In support of her claim, plaintiff ignores her express rights to due process pre-and post-citation, principally relying instead on a California state case involving a due process challenge to a city ordinance providing for the seizure of a biting or vicious dog.  (*See* Pl.'s Opening Br. (dkt. #32) 9-10 (citing *Phillips v. San Luis Obispo Cty. Dep't of Animal Regulation*, 183 Cal. App. 3d 372, 228 Cal. Rptr. 101 (Ct. App. 1986)).)  Not only is that case distinguishable on the basis that the challenged ordinance considered by the California court concerned the actual seizure of the dog, rather than a monetary penalty like that at issue here, but even more fundamentally, the ordinance did *not* provide for a hearing.  *See Phillips*, 183 Cal. App. 3d at 380 (holding city dog ordinance unconstitutional for failure to provide for notice and a hearing either before or after the seizure of an uncontrollable biting or vicious dog).  In contrast, Buchda had an opportunity to challenge the citation *before* it was issued through a veterinarian screen and *after* issuance through a municipal court trial, both of which were available before *any* payment of a civil penalty.

9

*Second*, plaintiff argues that the Ordinance violates her due process rights by impermissibly placing the burden on her to prove that the dog falls outside of the bounds of the Ordinance.   Certainly the *pre*-citation process contemplated in subsection (d), which requires the plaintiff to pay for the cost of a veterinarian determination, places *a* burden on the dog owner.  Once the citation is challenged in the municipal court system, however, the burden still rests solely on the government to demonstrate by clear and convincing evidence that the dog owner violated the ordinance.   *See* Wis. Stat. § 800.08(3) ("The standard of proof for conviction of any person charged with violation of any municipal ordinance shall be evidence that is clear, is satisfactory, and convinces the judge to a reasonable certainty.").

Unlike the case in *Colorado v. Dog Fanciers v. City of Denver*, 820 P.2d 644 (Colo. 1991), upon which plaintiffs would rely, there is, therefore, no uncertainty as to which party bears the burden of proof.  Indeed, plaintiff acknowledged at her deposition that she had the right to challenge the citations in a municipal court trial.  (Buchda Depo. (dkt. #16) 26.)

### B.  Void for Vagueness Challenge

Plaintiff also argues that the Ordinance is "void for vagueness."   In particular, plaintiff challenges language in subsection (d) that would include "[a]ny dog which has the appearance or characteristics of being predominantly the above breeds, or any combination of any of those breeds" in the definition of "pit bull."

"The void for vagueness doctrine rests on the basic due process principle that a law is unconstitutional if its prohibitions are not clearly defined." *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012) (citing *Sherman ex rel. Sherman v. Koch*, 623 F.3d 501, 519 (7th Cir. 2010)).  Due process, however, does not demand "perfect clarity and precise guidance." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989).  Instead, "a statute is only unconstitutionally vague 'if it fails to define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and it fails to establish standards to permit enforcement in a nonarbitrary, nondiscriminatory manner.'" *Hegwood*, 676 F.3d at 603 (quoting *Fuller ex rel. Fuller v. Decatur Public School Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 666 (7th Cir. 2001)).

In the Fourteenth Amendment context, as compared to a First Amendment claim, a void for vagueness challenge "is evaluated as-applied, rather than facially." *United States v. Calimlim*, 538 F.3d 706, 710 (7th Cir. 2008).  Given that standard, the question is whether the Ordinance as applied to Buchda was sufficiently clear.

Understandably, plaintiff's challenge focuses on considerations of "appearance or characteristics" of a dog to determine whether it falls within the definition of "pit bull." Here, however, the citations were issued because plaintiff's unforged rabies documents identified these dogs as one of the breeds specifically and unambiguously described in subsections (a) through (c), and not because they fit "the appearance or characteristics" of a pit bull under subsection (d).  Indeed, even if the appearance of the dog or dogs initially raised a red flag during Officer Frederickson's visit to the Buchda's house, there is *no* dispute that the citations were only issued after Buchda herself admitted that the

original, unforged rabies documents had identified both Thor and Diesel as banned breeds. While Buchda would now challenge whether the veterinarian's assignment of breeds was accurate, that same challenge could have occurred during a state court trial on the municipal citation. Indeed, Buchda's dispute is a factual one, as to whether her dogs are actually the identified breeds on the rabies documents, and not a vagueness challenge. Regardless, this federal court only considers plaintiff's void for vagueness challenge as it has been applied to her, and the issuance of the citations underlying her challenge plainly does *not* implicate the arguably more troubling language in subsection (d) of the Ordinance. Accordingly, the court will grant defendant judgment as a matter of law on her due process claim on this basis as well.[3]


## II. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "Even individuals not claiming to be a part of any identifiable group may assert an equal protection claim under a 'class of one' theory if there is no rational basis for the differential treatment." *Borzych v. Frank*, 340 F. Supp. 2d 955, 970 (W.D. Wis. 2004) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Such a claim, however, exists only where "a public official, with no conceivable basis for his action other than spite or some other improper motive comes down hard on

---

[3] Of course, this decision does not close the door to a future void for vagueness challenge to subsection (d) either by Buchda or another individual, should the Village rely on that subsection in issuing a citation and no relief is afforded in state court.

a hapless private citizen." *Simstad v. Scheub*, 816 F.3d 893, 902 (7th Cir. 2016) (internal citations and quotation marks omitted).  As such, "[a] class-of-one plaintiff must negat[e] any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Id.* (internal citation and quotation marks omitted).[4]

The court assumes, though plaintiff does not state expressly, that her equal protection claim is based on being treated differently than owners of other breeds of dogs.[5]  In support, plaintiff attempts to discredit defendant's evidence that pit bulls are a more dangerous breed than other dogs, but that argument assumes a more exacting standard of review than applies here.  Instead, to prove a violation under rational basis review, plaintiffs "must demonstrate 'governmental action wholly impossible to relate to legitimate governmental objectives.'"  *Vision Church, United Methodist v. Vill. of Long Grove*, 468 F.3d 975, 1001 (7th Cir. 2007) (quoting *Patel v. City of Chi.*, 383 F.3d 569, 572 (7th Cir. 2004)).

Under this admittedly deferential standard, plaintiff has wholly failed to meet her burden.  Indeed, defendant has put forth undisputed evidence of the Village's repeated experience with pit bull complaints and the adoption of the Ordinance as an effort to address those complaints, as well as unrebutted, credible expert opinion independently

---

[4] In her opposition to defendant's motion, plaintiff argues that the ownership of a pit bull implicates a fundamental right and therefore the Ordinance should be subject to strict scrutiny. (Pl.'s Reply (dkt. #35) 4.)  Plaintiff cites no caselaw for such a theory, and this court declines to consider expanding this limited list of fundamental rights given the lack of a meaningful record, other problems with plaintiff's equal protection claim here and the near certainty that no such fundamental right exists under the United States Constitution.

[5] Plaintiff has failed to put forth any evidence that she was somehow singled out among pit bull owners.

validating safety concerns arising out of the physical and behavioral traits of pit bulls generally.  Plaintiff's personal disagreement with that evidence does not prove the Village lacked a rational basis for adopting the Ordinance.  As such, the court finds that plaintiff's equal protection claim also fails as a matter of law.


ORDER

IT IS ORDERED that:

1) Defendant Village of Fall River's motion for summary judgment (dkt. #17) is GRANTED

2) Plaintiff Madelyn Wissell Buchda's motion for summary judgment (dkt. #31) is DENIED.

3) Plaintiff's motion for extension of time to file proposed findings of facts (dkt. #39) is GRANTED IN PART AND DENIED IN PART.

4) The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 23rd day of May, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge